TRINETTE G. KENT (State Bar No. 025180)
KENT LAW OFFICES
3219 E. Camelback Rd #588
Phoenix, AZ 85018
Telephone: (480) 247-9644
Facsimile: (480) 717-4781
E-mail: tkent@kentlawpc.com

Of Counsel to:
Credit Repair Lawyers of America
22142 West Nine Mile Road
Southfield, MI 48033
Telephone: (248) 353-2882
Facsimile: (248) 353-4840

*Attorneys for Plaintiff,*
*Robert Bolan*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Robert Bolan, | Case No.: |
| Plaintiff, | |
| vs. | **COMPLAINT** |
| Equifax Information Services, LLC, a Georgia limited liability company; and Trans Union, LLC, a Delaware limited liability company, | **JURY TRIAL DEMAND** |
| Defendants. | |

1

NOW COMES THE PLAINTIFF, ROBERT BOLAN, BY AND THROUGH COUNSEL, TRINETTE G. KENT, and for his Complaint against the Defendants, pleads as follows:

## JURISDICTION

1. Jurisdiction of this court arises under 15 U.S.C. §1681p.

2. This is an action brought by a consumer for violation of the Fair Credit Reporting Act (15 U.S.C. §1681, *et seq.* [hereinafter "FCRA"]).

## VENUE

3. The transactions and occurrences which give rise to this action occurred in the City of Phoenix, Maricopa County, Arizona.

4. Venue is proper in the District of Arizona, Phoenix Division.

## PARTIES

5. Plaintiff is a natural person residing in Phoenix, Maricopa County, Arizona.

6. The Defendants to this lawsuit are:

   a. Equifax Information Services, LLC ("Equifax"), which is a Georgia limited liability company that maintains a registered agent in Maricopa County, Arizona; and

b. Trans Union, LLC ("Trans Union"), which is a Delaware limited liability company that maintains a registered agent in Maricopa County, Arizona.

## GENERAL ALLEGATIONS

7. The following liens are reporting on Mr. Bolan's Equifax and Trans Union credit files ("Errant Liens"):

   a. Maricopa County Recorder, Docket #: 20170141750;

   b. Maricopa County Recorder, Docket #: 20120365490; and

   c. Maricopa County Recorder, Docket #: 20100771184.

8. Due to recent changes in standards of reporting by the consumer reporting agencies, the liens should no longer report on Mr. Bolan's credit files.

9. On or about July 5, 2017, Mr. Bolan obtained his credit files and noticed the Errant Liens reporting.

10. On August 4, 2017, Mr. Bolan, submitted letters to Equifax and Trans Union disputing the Errant Liens. Mr. Bolan explained that due to recent changes in the credit report industry, the liens should no longer report on his credit reports. Mr. Bolan asked the credit bureaus to remove the Errant Liens from his credit files.

11. Upon information and belief, Equifax and Trans Union forwarded Mr. Bolan's consumer dispute to the furnishers reporting the Errant Liens.

12. On or about August 16, 2017, Mr. Bolan received Trans Union's investigation results which showed that the Errant Liens were verified and remained on his credit report.

13. On or about August 17, 2017, Mr. Bolan received Equifax's investigation results which showed that the Errant Liens were updated and remained on his credit report.

14. As a direct and proximate cause of the Defendants' negligent and/or willful failure to comply with the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.*, Plaintiff has suffered credit and emotional damages. Due to the Defendants' failure to correct the errors in his credit file, Plaintiff has been forced to refrain from applying for new credit or more favorable terms on existing credit lines. Plaintiff has also experienced undue stress and anxiety due to Defendants' failure to correct the errors in his credit file or improve his financial situation by obtaining new or more favorable credit terms as a result of the Defendants' violations of the FCRA.

## COUNT I

## NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY EQUIFAX

15. Plaintiff realleges the above paragraphs as if recited verbatim.

16. Defendant Equifax prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced consumer reports regarding Mr. Bolan as that term is defined in 15 USC 1681a.

17. Such reports contained information about Mr. Bolan that was false, misleading, and inaccurate.

18. Equifax negligently failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information it reported to one or more third parties pertaining to Mr. Bolan, in violation of 15 USC 1681e(b).

19. After receiving Mr. Bolan's consumer dispute to the Errant Liens, Equifax negligently failed to conduct a reasonable reinvestigation as required by 15 U.S.C. 1681i.

20. As a direct and proximate cause of Equifax's negligent failure to perform its duties under the FCRA, Mr. Bolan has suffered actual damages, mental anguish and suffering, humiliation, and embarrassment.

21. Equifax is liable to Mr. Bolan by reason of its violation of the FCRA in an amount to be determined by the trier fact together with his reasonable attorneys' fees pursuant to 15 USC 1681o.

**WHEREFORE, PLAINTIFF PRAYS** that this court grants him a judgment against Equifax for actual damages, costs, interest, and attorneys' fees.

## COUNT II

### WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY EQUIFAX

22. Plaintiff realleges the above paragraphs as if recited verbatim.

23. Defendant Equifax prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced consumer reports regarding Mr. Bolan as that term is defined in 15 USC 1681a.

24. Such reports contained information about Mr. Bolan that was false, misleading, and inaccurate.

25. Equifax willfully failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information that it reported to one or more third parties pertaining to Mr. Bolan, in violation of 15 USC 1681e(b).

26. After receiving Mr. Bolan's consumer dispute to the Errant Liens, Equifax willfully failed to conduct a reasonable reinvestigation as required by 15 U.S.C. 1681i.

27. As a direct and proximate cause of Equifax's willful failure to perform its duties under the FCRA, Mr. Bolan has suffered actual damages, mental anguish and suffering, humiliation, and embarrassment.

28. Equifax is liable to Mr. Bolan by reason of its violations of the FCRA in an amount to be determined by the trier of fact together with his reasonable attorneys' fees pursuant to 15 USC 1681n.

**WHEREFORE, PLAINTIFF PRAYS** that this court grants him a judgment against Defendant Equifax for the greater of statutory or actual damages, plus punitive damages along with costs, interest, and reasonable attorneys' fees.

## COUNT III

**NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY TRANS UNION**

29. Plaintiff realleges the above paragraphs as if recited verbatim.

30. Defendant Trans Union prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced consumer reports regarding Mr. Bolan as that term is defined in 15 USC 1681a.

31. Such reports contained information about Mr. Bolan that was false, misleading, and inaccurate.

32. Trans Union negligently failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information it reported to one or more third parties pertaining to Mr. Bolan, in violation of 15 USC 1681e(b).

33. After receiving Mr. Bolan's consumer dispute to the Errant Liens, Trans Union negligently failed to conduct a reasonable reinvestigation as required by 15 U.S.C. 1681i.

34. As a direct and proximate cause of Trans Union's negligent failure to perform its duties under the FCRA, Mr. Bolan has suffered actual damages, mental anguish and suffering, humiliation, and embarrassment.

35. Trans Union is liable to Mr. Bolan by reason of its violation of the FCRA in an amount to be determined by the trier fact together with his reasonable attorneys' fees pursuant to 15 USC 1681o.

**WHEREFORE, PLAINTIFF PRAYS** that this court grants him a judgment against Trans Union for actual damages, costs, interest, and attorneys' fees.

## COUNT IV

### WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY TRANS UNION

36. Plaintiff realleges the above paragraphs as if recited verbatim.

37. Defendant Trans Union prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced consumer reports regarding Mr. Bolan as that term is defined in 15 USC 1681a.

38. Such reports contained information about Mr. Bolan that was false, misleading, and inaccurate.

39. Trans Union willfully failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information that it reported to one or more third parties pertaining to Mr. Bolan, in violation of 15 USC 1681e(b).

40. After receiving Mr. Bolan's consumer dispute to the Errant Liens, Trans Union willfully failed to conduct a reasonable reinvestigation as required by 15 U.S.C. 1681i.

41. As a direct and proximate cause of Trans Union's willful failure to perform its duties under the FCRA, Mr. Bolan has suffered actual damages, mental anguish and suffering, humiliation, and embarrassment.

42. Trans Union is liable to Mr. Bolan by reason of its violations of the FCRA in an amount to be determined by the trier of fact together with his reasonable attorneys' fees pursuant to 15 USC 1681n.

**WHEREFORE, PLAINTIFF PRAYS** that this court grants him a judgment against Defendant Trans Union for the greater of statutory or actual damages, plus punitive damages along with costs, interest, and reasonable attorneys' fees.

### JURY DEMAND

Plaintiff hereby demands a trial by Jury.

DATED: September 26, 2017

                      KENT LAW OFFICES

                      By: */s/ Trinette G. Kent*
                      Trinette G. Kent
                      Attorneys for Plaintiff,
                      Robert Bolan